**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HEATHER ROMANELLI,

    Plaintiff,

vs.                                            Case No. 3:06-cv-819-J-32HTS

THE WESTERN AND SOUTHERN
LIFE INSURANCE CO. d/b/a SOUTHERN
FINANCIAL GROUP,

    Defendant.

 

**ORDER**[1]

This case is before the Court on Defendant Western and Southern Life Insurance Co. d/b/a Southern Financial Group's ("defendant") Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 6). Plaintiff, Heather Romanelli ("plaintiff"), filed a response in opposition (Doc. 10) and a Notice of Supplemental Authority (Doc. 13).

**I.    APPLICABLE STANDARDS**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). A complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Lopez v. First Union Nat'l Bank, 129 F.3d 1186, 1189 (11th Cir. 1997)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

If a party moves to dismiss pursuant to Rule 12(b)(6) and presents matters outside the pleadings, the court has discretion whether or not to consider documents attached to the motion to dismiss. Once the court determines to consider matters extraneous to the pleadings, Rule 12(b) mandates that the motion is converted to a motion for summary judgment under Rule 56, and the court must provide the nonmoving party ten days "to supplement the record" prior to issuing a ruling. Fed. R. Civ. P. 12(b); Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). The Court exercises its discretion in this case to construe Defendant's motion (Doc. 6) as a motion to dismiss under Rule 12, and not a motion for summary judgment under Rule 56.

## II.     BACKGROUND

Plaintiff worked as an Insurance Agent for Defendant from January 26, 2004 to April 22, 2005. (Doc. 1, ¶ 6, Complaint). Defendant alleges that plaintiff suffered from a pregnancy related ailment and physiological disorder that substantially limited

one or more major life activities (reproduction).  (Doc. 1, ¶ 7).  Because of plaintiff's complicated and high risk pregnancy, her doctor ordered bed rest and she began leave under the Family and Medical Leave Act ("FMLA") in January 2005.  (Id.). Before Plaintiff's FMLA leave expired, she asked to return to work in a temporary receptionist position until she was medically able to perform her job as a door-to-door salesperson.  (Id.).  Defendant denied plaintiff's request.  (Id.).  On April 22, 2005, defendant terminated plaintiff.  (Id.).  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR").  (Id. at ¶ 9).  Subsequently, after giving birth and becoming medically capable of performing the duties of her former position, plaintiff applied for rehire, but was not rehired.[2]  (Id.).

On September 15, 2006, plaintiff filed a five-count Complaint alleging:  (1) discrimination based on sex and pregnancy and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1979 ("PDA") and the Civil Rights Act of 1991 ("Count I"); (2) discrimination based on sex and pregnancy and retaliation in violation of the Florida Civil Rights Act of 1992 ("FCRA") ("Count II"); (3) unlawful retaliation in violation of the FMLA ("Count III"); (4) discrimination and retaliation in violation of the Americans with

---

[2]  Plaintiff alleges that she scheduled and appeared for two interviews with the district manager, but, upon arrival on both occasions, was told that the district manager was not available.  (Doc. 1, ¶ 9).

3

Disabilities Act ("ADA") ("Count IV"); and (5) handicap discrimination and retaliation in violation of the FCRA ("Count V").

Defendant moves to dismiss the Complaint asserting: (1) plaintiff cannot (under any set of facts) state a claim for pregnancy discrimination under the FCRA; (2) plaintiff fails to state a prima facie case of sex discrimination under Title VII and the FCRA; (3) plaintiff is not an FMLA eligible employee; (4) plaintiff failed to provide required FMLA medical certification; (5) pregnancy is not a recognized impairment under the ADA; (6) plaintiff failed to inform defendant of her alleged disability; and (7) plaintiff failed to exhaust administrative remedies for claims of discrimination based on failure to rehire. (Doc. 6).

### III.   DISCUSSION

#### A.   Pregnancy Discrimination under the FCRA

Defendant contends that there is no recognized cause of action for pregnancy discrimination under the FCRA. (Doc. 6). Judges in both the Middle and Southern Districts of Florida have addressed this issue and arrived at opposite conclusions. Some Judges have held there is no claim for pregnancy discrimination under the FCRA. See Westrich v. Diocese of St. Petersburg, Inc., 2006 WL 1281089 (M.D. Fla. 2006) (unpublished opinion); Fernandez v. Copperleaf Golf Club Community Ass'n, Inc., 2005 WL 2277591 (M.D. Fla. 2005) (unpublished opinion); Swiney v. Lazy Days R.V. Center, Inc., 2000 WL 1392101 (M.D. Fla. 2000) (unpublished opinion); Ward v.

Asset Acceptance, Case No. 8:05-cv-2073-T-26TGW, Doc. 7 (M.D. Fla. Dec. 21, 2005); Dragotto v. Savings Oil Company, Case No. 8:04-cv-734-T-30TGW, Doc. 6 (M.D. Fla. June 25, 2004); Frazier v. T-Mobile USA, Inc., Case No. 3:03-cv-764-J-20MMH, Doc. 11 (M.D. Fla. Nov. 4, 2003); Zemetskus v. Eckerd Corp., Case No. 8:02-cv-1939-T-27TBM, Doc. 13 (M.D. Fla. April 1, 2003).

Other Judges have held such a claim is available. See Rose v. Commercial Truck Terminal, Inc., et al., Case No. 8:06-cv-901-T-17TGW, Doc. 19 (M.D. Fla. March 30, 2007); Wesley-Parker v. The Keiser School, Inc., Case No. 3:05-cv-1068-J-25MMH, Doc. 22 (M.D. Fla. August 21, 2006); Brewer v. LCM Medical Inc., Case No. 05-61741-civ-COOKE/BROWN (S.D. Fla. May 25, 2006).

The basis for these decisions is the interpretation of O'Loughlin v. Pinchback, 579 So.2d 788 (Fla. 1st DCA 1991). Given that this issue is clearly unsettled within the Eleventh Circuit and that discovery on the federal pregnancy claim and the state FCRA pregnancy claim will be the same in this case, the Court will deny the motion to dismiss and decide this dispositive issue at a later phase of this case.

**B.   Sex Discrimination under Title VII and the FCRA**

Defendant also asserts that Plaintiff failed to state a prima facie case of sex discrimination under Title VII and the FCRA (Counts I and II). (Doc. 6). Defendant contends that plaintiff must state a prima facie case of sex discrimination by showing that: (1) she is a member of a protected group; (2) she was qualified for the position

or benefit sought; (3) she suffered an adverse employment action; and (4) she suffered from a differential application of work or disciplinary rules. Spivey v. Beverly Enterprises, Inc., 196 F.3d 1309, 1312 (11th Cir. 1999).

The requirement of establishing a prima facie case is an evidentiary standard, not a pleading standard. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). To survive a motion to dismiss and satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a), a complaint must simply provide a "short and plain statement of the claim" and give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 511-12. Plaintiff has satisfied the exceedingly light pleading requirements under Swierkiewicz and Rule 8(a); thus, Defendant's motion to dismiss for failure to state a claim for sex discrimination under Title VII and the FCRA is due to be denied.

### C.  Retaliation under the FMLA

Defendant contends that Count III should be dismissed because Plaintiff is not an eligible employee under the FMLA. (Doc. 6). To qualify as an eligible employee, the individual must be employed for twelve months and must have worked at least 1,250 hours during the previous twelve months of employment. 29 U.S.C. § 2611(2)(A). Plaintiff began working for defendant on January 26, 2004. (Doc. 1, ¶ 6). While plaintiff alleges that she started FMLA leave "on or about January 2005," the complaint is silent as to precisely when the leave began. It may well be that Plaintiff

is not an "eligible employee" pursuant to the criteria in 29 U.S.C. § 2611(2)(A). However, because the four corners of the complaint do not allow this Court to definitively make that determination, it will not do so at the Rule 12(b)(6) stage.

### D. Remaining Grounds for Dismissal of FMLA, ADA and Handicap Discrimination Claims (Counts III, IV and V)

Defendant moves to dismiss Counts III (FMLA), IV (ADA) and V (Handicap) arguing that plaintiff: (1) did not provide the required FMLA medical certification; (2) fails to identify a recognized disability or handicap; and (3) failed to properly inform defendant of her alleged disability or handicap. (Doc. 6). Because the Court has exercised its discretion to consider defendant's motion under Rule 12(b)(6) standards, after reviewing the four corners of the Complaint, the Court is satisfied that plaintiff has met her minimal notice pleading burden on these claims.

### E. Failure to Exhaust Administrative Remedies

Defendant's final argument is that because plaintiff did not file a charge of discrimination based on defendant's purported retaliation for a not rehiring her after filing her original charge, plaintiff failed to exhaust administrative remedies for such claims. (Doc. 6). A "judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n. 8 (11th Cir. 1994). The Court is not prepared to rule at the Rule 12(b)(6) phase that, under no set of facts, could a retaliation claim for failure to rehire be reasonably expected to grow out

of the underlying discrimination claims here.

Accordingly, it is hereby **ORDERED**:

Defendant Western and Southern Life Insurance Co. d/b/a Southern Financial Group's Motion to Dismiss, or in the Alternative, for Final Summary Judgment (Doc. 6) is **DENIED**.  The Court's decision to decline the invitation to view defendant's motion as a Rule 56 motion, rather than a Rule 12(b)(6) motion, will not preclude either party from moving for Summary Judgment at a later stage. Defendant's answer should be filed no later than **May 16, 2007**.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of April, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies: counsel of record